IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADAM PELLETIER, | Case No. 7:21CV00374 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| HAROLD CLARKE,[1] | By: Michael F. Urbanski |
| | Chief United States District Judge |
| Respondent. | |

Adam Pelletier, a Virginia inmate proceeding pro se, filed a motion to void judgment for fraud upon the court, pursuant to Rule 60(b)(3). However, the judgment he seeks to void is a state court judgment entered by the Louisa County Circuit Court in Virginia on November 4, 2002, sentencing him for rape, capital murder, use of a firearm in commission of murder, and possession of a firearm by a convicted felon. The fraud was allegedly committed by the prosecutor in the state trial court in 2002. Rule 60 allows a federal district court to grant relief from one of its own judgments, not from a judgment of the state court.

Any claim asserting a basis for relief on the merits in federal court from a judgment of conviction in state court is, in substance, an application for habeas corpus under § 2254. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).[2] Accordingly, the court must treat this filing as a subsequent habeas petition.

---

[1] According to Rule 2(a) of the Rules Governing Section 2254 Proceedings, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Accordingly, Harold Clarke, the Director of the Virginia Department of Corrections, is substituted as the proper respondent. The Clerk shall update the docket accordingly.

[2] Pelletier mistakenly asserts that Gonzalez precludes the court from treating a motion alleging fraud under Rule 60(b)(3) as a habeas petition. The passage Pelletier quotes, however, was from the Court's summary of the Eleventh Circuit Court of Appeals' en banc decision, which the Supreme Court overturned. 545 U.S. at 528. The Supreme Court ruled that the test for whether a motion under Rule 60 can be treated as a habeas petition is whether the motion is seeking adjudication on the merits of a claim for relief from a state court judgment, as opposed to seeking

As this court has advised Pelletier previously, on several occasions, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals that the claims in the subsequent petition meet certain criteria. 28 U.S.C. § 2244(b). This petition has not been certified by the Court of Appeals for the Fourth Circuit; to the contrary, court records reveal that the Court of Appeals denied Pelletier's motion to file a second or subsequent petition that contained substantially the same factual allegations as those in the present petition. In re Pelletier, No. 17-455 (4th Cir. filed Jan. 25, 2018).

Pelletier filed his first federal habeas action in 2006, which the court dismissed with prejudice. Pelletier v. Robinson, No. 7:06cv00582 (W.D. Va. filed May 8, 2007), appeal dismissed, No. 07-6845 (4th Cir. filed March 11, 2008). In 2013, he filed a "motion to void judgment based on fraud upon the court," alleging misrepresentations to the court by the prosecutor. The court properly construed the motion as a successive habeas petition and dismissed the petition without prejudice. Pelletier v. Unnamed Warden, No. 7:13CV00599 (W.D. Va. filed Jan. 31, 2014). In 2014, Pelletier filed a pleading captioned "declaratory judgment and judicial notice of laws." The court notified Pelletier of its intent to treat the pleading as another habeas corpus petition. Pelletier responded that it was not a habeas challenge to a conviction, but a challenge to the Commonwealth prosecuting him for anything. The court dismissed that pleading on the grounds that it lacked jurisdiction to provide the relief requested. Pelletier v. Commonwealth of Virginia, No. 7:14cv00479 (W.D.

---

relief from an earlier federal court ruling on a procedural issue that prevented the court from reaching the merits of the claim against the state court judgment. Id. at 530.

2

Va. filed Oct. 20, 2014). Pelletier filed yet another habeas petition in 2015, challenging the same 2002 convictions, and the court again dismissed without prejudice. Pelletier v. Clarke, No. 7:15cv00427 (W.D. Va. filed April 18, 2016). In 2016, Pelletier filed another habeas petition, alleging actual innocence, based upon the same core facts relied upon in his earlier petitions. Although the court noted that this petition was his fourth subsequent petition, the court dismissed the claim as time-barred and procedurally defaulted, finding that Pelletier offered no new evidence in support of his actual innocence claim other than the same arguments he had been making for years. Pelletier v. Clarke, No. 7:16CV00322 (W.D. Va. filed May 25, 2017). Still undeterred, Pelletier filed another petition for habeas relief in 2020, raising the same claims of ineffective assistance of counsel, prosecutor misconduct, and actual innocence. Once again, the court dismissed Pelletier's petition as successive, explaining in detail the requirement that the Fourth Circuit Court of Appeals authorize the filing of any successive petitions. Pelletier v. Attorney General of Virginia, No. 7:20cv00430 (W.D. Va. filed Aug. 13, 2020).

In spite of the court's patient efforts to explain the procedural limitations to its jurisdiction to entertain Pelletier's claims that he is innocent and was convicted because of lies from the prosecutor and his attorney's ineffectiveness, Pelletier has presented the same evidence and arguments in the current petition. This petition, as all the others before it, must be dismissed as successive. Any effort to challenge the state court's judgment in federal court will be deemed a petition for habeas corpus. Gonzalez, 545 U.S. at 530. A second or subsequent habeas, even one alleging actual innocence, cannot be filed in district court without preauthorization from the Circuit Court of Appeals. Richard v. Thomas, 930

3

F.3d 587, 594 ( 4th Cir. 2019). By law, the Fourth Circuit Court of Appeals may not authorize the successive petition unless the new petition raises only claims permitted by 28 U.S.C. § 2244(b)(2), either those raising a new rule of constitutional law that the United States Supreme Court has made retroactive to cases on collateral review, or those based on facts that were not known and could not have been discovered earlier by reasonable diligence. Unknown facts are those facts that a petitioner did not know about and could not have known about. New legal arguments based on old facts do not satisfy § 2244. Additional proof of facts previously known is not a new fact; it is merely new proof of an old fact. Realizing that a fact is important, or recognizing the legal significance of a fact, does not make the fact itself new. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); cf. Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014). In other words, any effort to overturn his state convictions for rape, capital murder, and use of a firearm in the commission of murder, based upon the prosecutor's alleged misrepresentations and counsel's ineffectiveness, can no longer be heard in this court, absent authorization from the Fourth Circuit Court of Appeals, no matter what label petitioner puts on his pleading or what legal argument he applies those facts to. The time for raising these claims here has long since expired.

For the reasons explained above, the court will dismiss the petition sua sponte as successive. When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists

could debate whether the petition should have been resolved in a different manner. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzales v. Thaler, 565 U.S. 134, 140–41 (2012). Pelletier has not made such showings in this case.

The Clerk is directed to send a copy of this opinion and accompanying order to Mr. Pelletier.

**ENTER:** This 7th day of July, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.07.07 17:41:55
-04'00'

Michael F. Urbanski
Chief United States District Judge